| 31 | 311 |
| 215 | 590 |
| 215 | 594 |

## Ammon's Appeal.

An administrator who, in good faith, litigates a claim against the estate of his intestate, is entitled to credit in his administration account for the costs and expenses of the litigation, including the amount paid for counsel fees ; and also to an allowance for his time and trouble.

APPEAL from the Orphans' Court of *York county.*

This was an appeal by Harman Ammon and Elizabeth his wife, from the decree of the Orphans' Court confirming the report of the auditor upon the administration account of Benjamin Malaun, administrator of the estate of Rebecca Malaun, deceased.

Rebecca Malaun, the accountant's intestate, died in February 1852, leaving as her heir and next of kin, a brother, John Malaun. At his instance, the accountant took out letters of administration upon her estate ; which consisted of personalty amounting to

$1193.37, and $603, the proceeds of real estate sold by the administrator.

Soon after her decease, Harman Ammon and Elizabeth his wife, the appellants, brought suit against the administrator, alleging that the intestate, in consideration that Mrs. Ammon, then Elizabeth Fulweiler, would live with, work for, and take care of the intestate as long as she should live, had promised to leave to the said Elizabeth Fulweiler, all her, the intestate's, property, at her decease.

The cause was arbitrated, and an award made in favour of the plaintiffs for $1450 ; who thereupon gave the following notice to the administrator :—

"Harman Ammon and Elizabeth, his wife, in right of said Elizabeth,  
*v.*  
Benjamin Malaun, Administrator of Elizabeth Malaun, deceased.

In the Court of Common Pleas of Adams county.

To BENJAMIN MALAUN.—*Sir :* The above case having been decided in favour of the plaintiffs, by arbitrators, on clear and indubitable evidence of the legality and justice of their claim, you are hereby notified by them that if you have entered or shall enter an appeal from the award made in their favour, they will object to and resist the payment of any costs or expense resulting from such appeal, out of the estate of Rebecca Malaun, on the ground that you have no right to waste said estate in groundless litigation at their expense, for the pretended benefit of John Malaun, the heir at law.        HARMAN AMMON,  
June 9th, 1853.                ELIZABETH AMMON."

The defendant, under the advice of counsel, disregarded this notice, and appealed. On the trial in the Court of Common Pleas, there was a verdict for the plaintiffs for $1843.37, on which judgment was entered. The defendant then removed the cause to this court, and the judgment was here affirmed ; two of the judges dissenting from the opinion of the court, and holding that the plaintiffs were not entitled to recover at all.

The accountant claimed credit for $188.02, for costs of suit incurred after the appeal from the award ; $480, for counsel fees ; and $250, for his time and personal expenses in attending to the litigation.

The auditor allowed the first two items of costs and fees of counsel, and reformed the credit of $250, by allowing the accountant $73 for commissions at 5 per cent., and the additional sum of $100 for his time and personal expenses. To this the appellants excepted, and, the court below having confirmed the report of the auditor, and decreed distribution accordingly, this appeal was taken.

[Ammon's Appeal.]

*Chapin*, for the appellants, cited Muntorf *v.* Muntorf, 2 *Rawle* 181; Armstrong's Estate, 6 *Watts* 236; Pry's Appeal, 8 *Watts* 254; Mumper's Appeal, 3 *W. & S.* 441; Royer's Appeal, 1 *Harris* 569; Verner's Estate, 6 *Watts* 250; Scott's Estate, 9 *W. & S.* 98.

*Evans* and *Mayer*, for the appellee, relied on the case of Callender's Administrator *v.* The Keystone Mutual Insurance Co., 11 *Harris* 473.

The opinion of the court was delivered by

WOODWARD, J.—It is impossible for us to consider this administrator blameworthy, for making all the defence he could make, legally, to the action which Ammon and wife brought against him.

Intrusted by law with the administration of the estate of Rebecca Malaun, who died leaving an only brother, John Malaun, her heir at law, what was the proper course for the administrator to pursue, when he found Ammon and his wife, who were neither kith nor kin to the decedent, claiming her whole estate real and personal?

Had they alleged a will either written or nuncupative, it would have been the right of the administrator to question it; but when they alleged only a parol contract, and that to be made out from evidence of loose, casual, and disconnected declarations of the decedent, it was very indispensable that he should resist it. Only by doing so could any record ever be made of the right by which this estate was transferred from one family to another.

The case involved a most important question upon the proper measure of damages for the non-performance of such a contract as the plaintiffs alleged. It was litigated before arbitrators, in the Common Pleas, and in the Supreme Court, and everywhere resulted unfavourably to the administrator. In the latter court, the bench was divided on the question, and the opinion of the majority, delivered by Ch. J. LEWIS, has never been reported. The dissenting opinion of the two minority judges was published in the Pittsburgh Legal Journal of September 9, 1854.

Whether the rule of law recognised in this case will remain, or be set aside, is a question for the future, about which I will indulge in no speculations.

But, looking back on the history and character of that litigation, we think the auditor was quite right in disregarding the notice Ammon and wife gave the administrator, not to appeal from the award of the arbitrators, and in holding that the administrator was entitled to defend the suit at the costs of the estate.

The professional charges seem to us too large, comparing the aggregate of the fees of the four counsel employed, and paid, with the amount involved in the suit; but, as the auditor did not think proper to reduce them, and furnished no data whereby we could

[Ammon's Appeal.]

prudently admeasure them, we have concluded, on the whole, to affirm the report of the auditor and the decree of the court.

Decree affirmed.