# Sharp's Appeal.

1. There is no law that requires the Orphans' Court to order an issue to try facts arising in the settlement of an administrator's account.

2. After an auditor has made his report it is too late to ask for an issue to try a fact upon which he has passed.

3. Administrators usually have no interest in a question of distribution, and hence no right to appeal for anything decided therein.

APPEAL from the decree of the Orphans' Court of Philadelphia, by Benjamin Sharp and William H. Marshall, administrators of the estate of Thomas Sharp, deceased.

The administrators, supposing the estate to be solvent, paid off many of the debts in full before the expiration of a year from the decedent's death, and supposed all were paid. After the expiration of a year, while the accounts were before an auditor, and after it was made out, but before it was filed, two new creditors, John Hertzel and James Smith, appeared with an aggregate amount of claims of about $700. Before their presentation the administrators had exhausted the estate by the payment of other claims in full.

After the auditor closed his report and had given notice to file exceptions, the counsel for administrators filed exceptions and demanded an issue before a jury as to several items, but mainly as to the two items of Hertzler and Smith. It is the refusal of the court to grant this issue which constitutes the principal ground of objection to its decree.

*D. W. C. Morris*, for administrators (appellants), argued that the

[Greenwood Township.]

claims of Hertzler and Smith should not be allowed, not having been presented within a year, cited 2 Watts, 87; 3 W. & S. 154.

*J. A. Phillips*, for Hertzler and Smith (appellees), cited *Smith's Estate*, 1 Ash. 352.

The opinion was delivered February 16, 1859.

*Per curiam.*—This cause was rightly decided.· There is no law that we know of that requires the Orphans' Court to order an issue to try facts in the settlement of an administrator's account, and if there were it was too late to ask for it after the auditor had made out his report.

Usually administrators have no interest in a question of distribution, and have no right to appeal for anything decided in that part of the process. In it the creditors and distributees are alone interested. We do not see that this case is exceptional, for the estate is insolvent. If the administrators have lost by the mismanagement of the estate, that gives them no right to appeal as against the claims of creditors who are let in for distribution.

Appeal dismissed at the costs of the appellac'　nd records remitted.