# Gallagher's Appeal.

Where the account of an administrator has been confirmed, he has no such interest in the estate as will enable him to appeal from an order to pay over the balance in his hands.

January 31st 1879. Before MERCUR, PAXSON, GORDON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, C. J., absent.

Appeal from the Orphans' Court of *Philadephia county:* Of January Term 1879, No. 33.

Appeal of William J. Gallagher, administrator of the estate of George Woods, deceased, from the decree of the court awarding the balance of the estate in the hands of said administrator, to the widow of said decedent.

The court, on May 25th 1878, confirmed absolutely the account of said administrator. On June 15th the adjudication of the account was opened by the court, and on July 13th a rule was granted on all the heirs, &c., to show cause why an order should not be made upon the administrator to pay over the balance in his hands to the widow of decedent. This rule was made returnable on September 21st 1878, and on that day, after due proof of advertisement, an order in conformity with the rule was made on the administrator. From this order he took this appeal, alleging that

[Gallagher's Appeal.]

the court erred in making the order while the adjudication was still open.   The order opening the adjudication was rescinded after the appeal was taken.

*H. C. Titus* and *B. L. Temple*, for appellant.—The Act of 6th April 1833, sect. 1, Purd. 809, provides for the distribution of intestates' estates who leave husband or wife, but no known heirs or other kindred.   It directs that "after final settlement of the administration account of such intestate," upon petition, a rule to show cause shall be granted and published, and if any alleged heir shall appear, whose claim is contested, then the court may direct an issue or may take such order therein as they shall think proper.

In this case the said rule was granted and decree made prematurely, and before final settlement of the administration account ; for the order of June 15th 1878, opening the adjudication, was in force during these proceedings, and still in force at the time of this appeal.   It is, therefore, submitted that this record and order would not protect this appellant in paying over the estate to the widow.

Further, at time of said decree the claim of the alleged heir was pending and undetermined.

*Charles Davis*, for appellee.—The appellant, being an administrator, is not interested in the distribution of the fund, and is not entitled to an appeal : Mellon's Appeal, 8 Casey 121 ; Stineman's Appeal, 10 Id. 394 ; Craig's Appeal, 2 Wright 330 ; McAllister's Appeal, 9 P. F. Smith 204 ; Tiernan's Estate, 33 Leg. Int. 24.

The judgment of the Supreme Court was entered, February 10th 1879,

PER CURIAM.—This is an appeal by the administrator of the estate of George Woods from the decree of the Orphans' Court, awarding the residue of the estate of the decedent to his widow. His account having been confirmed, he has no interest as such administrator in any decree of distribution the court may make of the fund.   He is not so far the representative of creditors as to authorize him to interfere in the distribution.   His full duty therein will be discharged by paying over the fund in pursuance of the decree of the court.   He therefore has no standing which will permit him to change or delay the execution of the decree distributing the fund.

The appeal is therefore quashed.