## William H. Axtell's Appeal.

Where the account of an administrator showing a balance in his hands
had been duly confirmed, and an auditor appointed to distribute the same,
and appellant appeared before him and presented his claim, and subse-
quently the administrator brought suit before a justice of the peace against
appellant, upon an account claimed to be owing the estate, and obtained
judgment, and afterwards appellant's claim was passed upon and allowed
by an auditor who had been appointed to succeed the first auditor, it was
error for the court to sustain exceptions to the allowance of appellant's
claim on account of the proceedings before the justice of the peace insti-
tuted by the administrator against the appellant.

The appointment of a second auditor to supersede a first has no effect
upon the status of claims pending.

Where an administrator, not otherwise interested in the distribution of
a fund in his hands for that purpose, excepts to the report of an auditor
allowing a claim, and the action of the court in sustaining the exception
was overruled, the administrator was required to pay personally the costs
of the appeal.

A claimant may recover for his personal services in serving subpœnas,
and for mileage.

(Argued October 11, 1886.  Decided October 25, 1886.)

October term, 1886, No. 30, W. D.  Appeal from a decree of
the Orphans' Court of Mercer County, in the matter of the estate
of R. J. Vaughn, deceased, overruling the allowance of appel-
lant's claim by the auditor and rejecting the same.  Reversed.

The facts are stated in the opinion.
The assignments of error specified the action of the court:
1. In sustaining the accountant's seventh exception, which is
as follows, to wit:  "The auditor erred in distributing to W.
H. Axtell the sum of $25.50 and $3.82 as interest thereon."
2. In sustaining that part of the administrator's eleventh ex-
ception which relates to costs of W. H. Axtell, which, omitting
the part relating to costs of another claimant, T. B. Dilley, is
as follows, to wit:  "The auditor erred in distributing the fol-
lowing costs as having been incurred before said auditor (J. T.
Gibner) as to the Axtell claim:

To J. Breakman, one day, 30 miles................$1 90
[Same being charged for above].

To W. H. Axtell (a claimant) on subpoena....... 1 59

G. W. Smock, one day, 24 miles ............... 1 72

G. W. Smock, "     " 24     " ............... 1 72

—said witness being recalled by claimants before the second auditor."

3. In sustaining that part of administrator's twelfth exception which relates to the costs of Wm. H. Axtell, and which, omitting those parts relating to costs in claim of Thomas B. Dilley, is as follows: "The administrator excepts to the following costs as having been incurred before S. Redmond:

Wm. H. Axtell, on subpoena and mileage ........ $1 48

Wm. H. Axtell, on subpoena and mileage ........ 1 68

—as he is a claimant, and not an officer.

To Jackson Breakman, one day, 30 miles........ 1 90

George Smock, one day, 23 miles ........... 1 72

Both these witnesses are allowed cost for one hearing, and are not entitled on the Axtell claim."

4. In sustaining the administrator's thirteenth exception, which is as follows, to wit: "The auditor erred in hearing any testimony concerning the Wm. H. Axtell claim, while a suit was pending in the common pleas of said county between said claimant and estate, in which this alleged claim would be a proper offset, and also in hearing testimony outside of the book account of said claimant."

5. In confirming the report as amended of S. Redmond, Esq., auditor.

*Johnson Pearson,* for appellant.—The present case does not come within the provisions of the act of March 20, 1810, § 7 of Brightly's Purdon's Digest, 854, which provides that a defendant who shall refuse to set off his demand against a plaintiff, which shall not exceed $100, before a justice of the peace, shall be and is forever barred from recovering against the plaintiff by any after suit.

This proceeding is not, in any true sense, a suit. The right of the appellant to his just proportion of the property of R. J. Vaughn, deceased, vested at the death of the latter; and the property being in the custody of the law, it was not necessary to bring suit. McClintock's Appeal, 29 Pa. 360.

Even if this court should treat this proceeding as in the nature of "a suit" the claim is still not barred by the act. It is,

in the words of the act, the "after suit" that is barred. Here, by the express agreement of the parties made many months before appellee's suit was brought before the justice of the peace, appellant's claim was to be placed in the control of the orphans' court, a court of competent jurisdiction, to adjudicate upon it. The claim sued on, having been paid during the lifetime of the deceased, the attempt, by means of the suit, to defeat Dr. Axtell's claim, was fraudulent; and the auditor was justified in disregarding it and treating it as a mere trick to defeat an honest creditor. "Fraud vitiates everything, no matter how solemn in form." Slyhoof v. Flitcraft, 1 Ashm. (Pa.) 171.

It was both the right and the duty of the appellant, as a creditor of R. J. Vaughn, deceased, to go into the orphans' court with his claim, and prosecute it there in accordance with the method provided for that purpose. Phillips v. Allegheny Valley R. Co. 107 Pa. 465.

The administrator's account showed a fund for distribution. An auditor was appointed to make it, and notice given to all persons who had claims against the estate to appear before him and present them. Dr. Axtell was, then, bound to appear and claim his debt. Hammett's Appeal, 83 Pa. 392.

In order to obtain any part of the fund in the hands of the administrator they (the creditors) must proceed in the orphans' court, which alone has the power to distribute the estate. Phillips v. Allegheny Valley R. Co. 107 Pa. 465; Kittera's Estate, 17 Pa. 416; Bull's Appeal, 24 Pa. 286; Ashford v. Ewing, 25 Pa. 213; Whiteside v. Whiteside, 20 Pa. 473; Dundas's Appeal, 73 Pa. 474; Shollenberger's Appeal, 21 Pa. 337.

The operation of the act of March 20, 1810, was, doubtless, confined to justices of the peace. At all events it could not apply to the orphans' court since the passage of the acts of March 29, 1832, § 19 (Brightly's Purdon's p. 445), and April 13, 1840, § 1 (Id. p. 446, pl. 200).

The plaintiff is entitled to the usual compensation for his own service of subpoena upon his witnesses. Horner v. Harrington, 6 Watts, 331.

*Stewart & Cochran* and *Stranahan & Bowser,* for appellee.—
"The act of assembly (of March 20, 1810) is imperative upon a defendant who is sued before an alderman or a justice of the peace, for a debt or demand founded on a contract, that if he

has one of a like nature against the plaintiff, not exceeding in amount $100, he shall defalk or set it off, or otherwise be precluded forever afterwards from recovering it." Herring v. Adams, 5 Watts & S. 460; Slyhoof v. Flitcraft, 1 Ashm. (Pa.) 173.

Appellant contends first that the presentation of his claim and proceeding thereon before the auditor "is not in any true sense a suit." We concede this, but that does not relieve him from his duty to offset it. McClintock's Appeal, 29 Pa. 360, is overruled by Yorks's Appeal, 17 W. N. C. 17, 34–36, 1 Cent. Rep. 354, 659, which decides that the relation is simply that of debtor and creditor. We do not deny that the orphans' court has exclusive jurisdiction to distribute estates; but, as decided in Hammett's Appeal, 83 Pa. 395, and again reaffirmed in Phillips v. Allegheny Valley R. Co. 107 Pa. 469, "It has possession of the fund, for it controls and directs all those who have its custody, and it is only through its decrees the fund can be reached. It is true, the remedy of the creditor to establish his debt in a common-law court is not taken away, for this may be necessary to stop the running of the statute of limitations, to decide disputed and complicated questions, and make the settlement afterwards, before the auditors, more easy and convenient."

If it be held that claimant is not entitled to recover his claim, then, of course, he can receive no cost for his service of subpoena.

The case cited by appellant, Horner v. Harrington, 6 Watts, 331, is not in point; it does not say that the party had served the subpoena himself, and establishes nothing bearing on this case.

OPINION BY MR. JUSTICE STERRETT:

Appellant had a claim for medical services, $25.50, with interest from May, 1881, against the estate of Robert J. Vaughn, who died intestate in June of that year. In October, 1882, his administrator filed an account showing a balance of $704.12 in his hands. The account was duly confirmed, and an auditor having been appointed to distribute the same, appellant appeared before him and presented his claim. Subsequently the administrator brought suit against appellant before a justice of the peace and obtained judgment. Afterwards appellant's claim was passed upon and allowed by the auditor, to whom the report of the first auditor was referred "to take further testimony and

make specific report of the facts, and also distribute the fund."
Exceptions having been filed, *inter alia,* to the allowance of
appellant's claim, the orphans' court overruled the auditor and
rejected the claim for reasons given in the opinion of the learned
judge, disposing of the exceptions. Referring to the claim of
Doctor Axtell, the appellant, he says:

"After presentation of the claim before the first auditor, and
before the second auditor had met the parties, the accountant
brought suit before a justice of the peace to recover a balance
claimed to be due and owing the estate by Dr. Axtell. The ad-
ministrator recovered judgment against Dr. Axtell, who ap-
pealed to the common pleas, and the suit was there pending and
undetermined at the time the present auditor (against the pro-
test of accountant) proceeded to hear the evidence and pass
upon said claim. In so doing we think the auditor made a mis-
take. It is true he had, under his appointment, full power to
pass upon all claims presented, and incidentally upon off-sets
thereto, in order to determine the true amount owing the cred-
itors by the estate; but he had no power to give judgment against
the claimant, if, on settlement, the claimant proved a debtor to
instead of creditor of the estate. It was necessary, therefore,
for the estate to sue Dr. Axtell to recover judgment against him,
and having sued before a justice of the peace, Axtell was re-
quired by the statute to set off his account or be forever barred."

On this conclusion the learned judge was clearly wrong. The
orphans' court, the appropriate tribunal for adjudication of
claims against estates of decedents, had rightly assumed juris-
diction of appellant's claim long before the administrator
brought suit before the justice against him. He never withdrew
it from that forum, and there is nothing in the act referred to,
or in any other act, that required him to do so, or that could,
by any possibility, oust the jurisdiction of the tribunal estab-
lished for the express purpose of adjudicating such claims. To
hold otherwise might lead to almost interminable confusion and
delay in the settlement of estates. The fact that the first auditor
was superseded by the appointment of the second had no more
effect on the status of the claim than would a succession to a
judgeship in the court. In contemplation of law it was pending
in the proper court from the time it was first presented there for
adjudication until it was removed here on this appeal. Further

comment on the subject is unnecessary. It is too plain for discussion. The first assignment of error is sustained.

We are also of opinion that appellant is entitled to the items of costs specified in the second and third assignment, aggregating respectively $6.93, and $6.78. The disposition that has been made of the first assignment virtually disposes of the fourth and fifth. The second to fifth assignments, inclusive are, therefore, sustained.

The appellee, who was a brother of the decedent, does not appear to have been interested, either as creditor or distributee, in the distribution of the fund, and yet he is the only person who excepted to the auditor's report.

In Gallagher's Appeal, 89 Pa. 29, we said that an administrator whose account had been confirmed "has no interest, as such administrator, in any decree of distribution the court may make of the fund. He is not so far the representative of creditors as to authorize him to interfere in the distribution. His full duty therein will be discharged by paying over the fund in pursuance of the decree of the court."

If an administrator, not otherwise interested in the distribution of a fund in hands for that purpose, had a right to interfere in the proceedings, he might be induced to do so for the purpose of delay, the fund in the meantime remaining in his hands. Inasmuch, therefore, as the appellee appears to have volunteered his services in this contention, we think he should be required to pay at least the costs of this appeal, personally, and not as administrator.

Decree reversed, at the costs of the appellee, David R. Vaughn; and it is ordered that the record be remitted to the court below with instructions to enter a decree in accordance with this opinion.