SHOULDICE *v.* McLEOD'S ESTATE.

135    337
s145   709

ESTATES OF DECEDENTS—CLAIMS—STATUTE OF LIMITATIONS.
Case ruled by former decision, reported in 130 Mich. 444.

Error to Marquette; Stone, J. Submitted November 19, 1903. (Docket No. 141.) Decided January 5, 1904.

Henry Shouldice presented a claim against the estate of Norman McLeod, deceased, for money had and received. The claim was disallowed by the commissioners, and claimant appealed to the circuit court, where he obtained judgment. Defendant brings error. Affirmed.

*Clark & Pearl*, for appellant.

*Ball & Ball*, for appellee.

MONTGOMERY, J. This case was before the court at the October term, 1901. The opinion of the court given on the former hearing is reported in 130 Mich. 444 (90 N. W.

135 Mich.—22.

288). We refer to that opinion for a full statement of the facts of the case. We will not repeat the statement, except so far as is necessary to an understanding of the new questions raised on this hearing.

On the former hearing, as on the present, the defendant's counsel made two main contentions, which were that the claimant's case must fail — *First*, because he failed to show that the money which McLeod was charged with having received was the money of claimant; and, *second*, that claimant's claim was barred by the statute of limitations. We held on the former hearing that each of these questions depended upon questions of fact, and that proper instructions had been given. This ruling furnished the law of this case for a second trial.

We are not able to discover any material difference in the testimony given on the two trials as it relates to the question of the statute of limitations. On each trial it became a fair question for the jury whether McLeod had removed to Minnesota before the statute had run.

Upon the question whether the money belonged to claimant, defendant's counsel say that the testimony of the witness Pool that claimant stated that this money would carry the venture along until there was iron on top of the ground to sell, etc., stands undisputed on the present record, and that this differentiates this record from the former, so that a different result should be reached. Counsel are clearly mistaken in saying that the testimony of the witness Pool is undisputed on this point. It is, indeed, difficult to understand how such an error could have crept into the brief of counsel, as in another portion of the brief reference is made to the testimony which furnishes the denial. The witness Pool was asked to fix the occasion when the statement was made, and the witness Shouldice distinctly denied having made such a statement.

The charge of the court fairly presented all the questions in the case.

The judgment is affirmed.

The other Justices concurred.