# Mays's Estate.

*Decedent's estates—Claim for services—Auditor—Executors and administrators.*

Where a creditor of a decedent makes a claim before an auditor, and no other creditor or claimant objects, and the auditor allows the claim reporting that it was not contested, and the court confirms his report, the executor has no standing on appeal to object to the allowance of the claim.

Argued May 11, 1904. Appeal, No. 90, April T., 1904, by W. A. Slaugenhaupt, from decree of O. C. Butler Co , May T., 1903, No. 20, dismissing exceptions to auditor's report in estate of Francis Mays, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

268                    MAYS'S ESTATE.

Exceptions to auditor's report.

The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*Joseph B. Bredin*, with him *G. G. Sloan*, for appellant.

*W. D. Brandon*, for appellee.

PER CURIAM, May 19, 1904:

This is an appeal by an executor from a decree confirming the report of an auditor distributing the fund in his hands. His claim as an individual was allowed in full, and, so far as the record shows, no other creditor or legatee objected in the court below, or is objecting here, to the allowance of the probated claim of Amos Mays; on the contrary, the auditor reported that it was not contested. If they saw fit to waive objection to the mode in which her claim was proved, and the auditor and the court deemed more formal proof unnecessary, we fail to see how the executor was harmed, or upon what principle he can be regarded as a party aggrieved. Each creditor or claimant had a right to appear and to be heard, so far as was necessary for the protection of his own interest; and of this proceeding the executor had not the control, nor is he responsible for errors, if any, in the distribution so decreed: Kittera's Est., 17 Pa. 416; Claghorn's Est., 181 Pa. 600, 606. His full duty will be discharged by paying over the fund in pursuance of the decree. We find no error in the proceedings of which he has just reason to complain. See further, Mellon's Appeal, 32 Pa. 121; Stineman's Appeal, 34 Pa. 394; Gallagher's Appeal, 89 Pa. 29; Ahl's Est., 15 Pa. Superior Ct. 224.

Decree affirmed and appeal dismissed at the costs of the appellant.