SHOULDICE *v.* McLEOD'S ESTATE.

EXECUTORS AND ADMINISTRATORS—DEFENDING AGAINST CLAIMS—
EXPENSES.

Under sections 9402 and 9438, 3 Comp. Laws, an executor is·
entitled to defend against a claim presented against his tes-
tator, provided he acts in good faith upon the advice of coun-
sel, and may be reimbursed his expenses, though the estate is
insufficient to pay the expenses and the claim as finally
allowed.

Error to Marquette; Stone, J. Submitted June 12,
1906. (Docket No. 80.) Decided September 20, 1906.

Margaret J. McLeod and Hugh N. McDonald presented
their final account as executors of the last will and testa-
ment of Norman McLeod, deceased. The account was
allowed in the probate court, and Henry Shouldice, a
judgment creditor, appealed to the circuit court. There
was judgment affirming the order of the probate court,
and claimant brings error. Affirmed.

*Ball & Ball*, for appellant.

*B. O. Pearl* (*C. D. Gould*, of counsel), for appellees.

MONTGOMERY, J. A writ of error has been sued out
to review the action of the circuit judge in allowing the
final account of the executors on appeal from probate
court. Decedent was, at the time of his death, a resident
of Minnesota, and his estate was mainly administered in
Hennepin county, in that State. The estate was closed
in that court in December, 1898, and upon the distribu-
tion there was assigned to Christine I. McDonald, in addi-
tion to personal and real property in Minnesota, lands in
Michigan.

In May, 1899, an exemplified copy of decedent's will
and of its probate in Minnesota was filed in the probate

court of Marquette county by the executors. The will was admitted to probate, and letters testamentary were issued to Margaret J. McLeod and Hugh N. McDonald. On February 2, 1900, Henry Shouldice filed his claim against the estate for $2,500 and interest from October 9, 1882. The claim was disallowed by commissioners, and an appeal was taken to the circuit court. The case was twice tried at the circuit, and twice reviewed in this court, a judgment of $6,029.16 being finally affirmed. (130 Mich. 444, 135 Mich. 337.)

The executors filed an account which included charges of attorneys and for the executors' time in contesting against this claim. The circuit judge found these charges reasonable in amount, that the defense of the claim was undertaken on the advice of attorneys and was made in good faith, and allowed the executors' account. The estate in Michigan was insufficient to pay the claim of Shouldice, in fact is not likely to pay the amount of the executors' account as allowed.

It is contended that in these circumstances the executors should be held to have undertaken the defense at their peril, and should be required to look to the legatees for their compensation. We cannot discover that the rule that the executor is entitled to be repaid the reasonable expenses of administration (3 Comp. Laws, §§ 9402, 9438) is subject to any such qualification. On the other hand, we understand the rule to be that an executor is entitled to defend against a claim presented against his testator, provided he acts in good faith, upon the advice of counsel, and may be reimbursed his expenditures. *Jackson* v. *Leech's Estate*, 113 Mich. 391; *Ammon's Appeal*, 31 Pa. 311; 2 Woerner on American Law of Administration, § 515. The cases cited by appellant are not opposed to the general rule, nor do they ingraft an exception on the rule which excludes compensation to an executor of an insolvent estate. In *Brinton's Estate*, 10 Pa. 408, the effort was to charge an attorney fee in an unwarranted proceeding by an executor to obtain a review of his own

account; it was termed "a mere experiment for the benefit of the executor." In *Royer's Appeal*, 13 Pa. 569, the attorney fees which it was sought to recover were incurred in the attempt to probate a supposititious will. In neither case was the expense incurred in a good-faith defense of an estate vested in the executor.

The judgment is affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.