Opinion by
Head, J.,
Where facts have been found by an auditor or master and his report has been confirmed by the court below, the rule is well established that an appellate court will not interfere except to correct cases of clear mistake or palpable error.
In the steady enforcement of this rule, it may sometimes happen that the conclusions of fact, which, under its operation, the appellate court accepts as final, are not those which might have been reached by that court, were it to hear the witnesses, weigh the evidence and determine the facts for itself in the first instance. But this has not been regarded as a sufficient reason for discarding the rule. The ascertainment of the truth, where matters of fact are in dispute between litigants, is one of the problems perplexing to every tribunal administering the law. But final conclusions upon such matters must be reached somewhere and, as it is manifestly for the'common good that they be reached as early as possible, it .has been the policy of our law to repose that power in the tribunals — the jury, the auditor or master and court below — that see and hear the witnesses and are most nearly in touch with local coloring and conditions. Hence the rule.
Its application to the case before us, compels us to dismiss most of the assignments of error without further comment, because the findings of fact reached by the auditor, whose report was confirmed by the court below, leave no foundation upon which the assignments can rest. The most seriously pressed of the assignments, in that category, is the one which attacks the credit taken by the accountant for counsel fees in the sum of $200. It is true, as the record shows, that as to the present appellants, the defendant was a trustee who undertook *483 to deny and repudiate Ms trust and to appropriate to Ms own use the entire trust property. His conduct subjected them to the annoyance, anxiety and expense of a suit in equity, in order to reclaim the trust property, their right to which should never have been questioned by him. If it appeared as a fact that the counsel fees, for which he took credit in his account, were compensation for professional services rendered to Mm in his futile and wrongful attempt to appropriate to Mmself the property of his cestuis que trustent, we would not hesitate to strike down the credit and surcharge Mm with such sum. But it is to be borne in mind,, that in the execution of his trust, he was entitled to the aid of competent counsel. When reputable counsel insert in a trustee’s account a credit claimed by him against the trust estate, the presumption would fairly arise that the compensation thus claimed was for services rendered in aid of the trust and not in an effort to destroy it. We have read with care the scant testimony contained in the record on tMs item, and we are unable to see that the learned court below, in confirming the report of the auditor allowing that credit, abused his discretionary power or fell into clear and palpable error.
But as to the seventh assignment, we reach a different conclusion. This assignment complains of the allowance by the auditor and the court below, of the sum of $250 to the accountant as compensation for his services.' Such compensation is freely allowed, where the trustee has been loyal to his trust and reasonably vigilant in the performance of the duties imposed by it upon Mm; but we find no warrant in the law, or in sound reason, for rewarding with the badge of honorable service the steward who has betrayed his trust. As was said in Fellows v. Loomis, 204 Pa. 227, “If the rule were otherwise, the law’s premium would be upon faitMessness and bad faith.” Hence in a long line of cases, many of which are cited in the opinion just referred to, it has been held, that the price of disloyalty to a trust is the loss at least of any compensation by those who "are to be regarded as faithless trustees, or as trustees ex maleficio.” We therefore sustain this assignment and direct that the. decree of distribution be modified accordingly.
*484 Whilst also we have accepted, for the reasons indicated, the findings of fact of the auditor adverse to the exceptions filed by the appellants before him, an examination of the whole record convinces us that the filing of the exceptions and the investigation of the trustee’s account, made necessary thereby, were justly attributable to the wavering testimony and suspicious conduct of the trustee himself. We are not satisfied, therefore, that the trust estate, which now practically belongs entirely to the appellants, should be saddled with all of the costs of that investigation, and in this respect, too, we will direct some modification of the decree. In other respects it is affirmed.
It is therefore ordered and decreed that the distribution, made by the auditor and confirmed by the learned court below, be so modified that the credit claimed by the accountant of $250 for compensation, be stricken out, and that he be surcharged with that sum; and further that the costs of audit be equally divided between the trust fund and the accountant, and the record is remitted to the court below, with the direction to make distribution accordingly. The costs of this appeal to be paid by the appellee.