# Wick's Estate.

*Appeals—Executors and administrators—"Party aggrieved"—Act of March 29, 1832, sec. 59, P. L. 190.*

An executor or administrator who comes into the court to which he must account, admitting that he has a specific balance in his hands for distribution, has no standing, as executor or administrator, to appeal from the decree of distribution so long as the decree does not surcharge him, or make distribution of an amount larger than the admitted balance due the estate. He is not a "party aggrieved" within the meaning of sec. 59 of the Act of March 29, 1832, P. L. 190.

Argued May 13, 1912. Appeal, No. 118, April T., 1912, by G. G. Stage, Executor, from decree of O. C. Mercer Co., April T., 1910, No. 10, sustaining exceptions to

auditor's report in Estate of A. L. Wick, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Decree modified and affirmed.

Exceptions to auditor's report.
The case on its merits turned on the question of fact.

*Error assigned* was the decree of the court.

*W. C. Pettit*, for appellant.

*Q. A. Gordon*, with him *Templeton, Orr & Whiteman*, for appellee.

PER CURIAM, July 18, 1912:
Where the finding of an auditor is an inference from established facts, as was the case here, the court can reach a correct conclusion quite as readily as he, and less hesitation is felt in reversing such finding than one arrived at from disputed testimony involving the veracity and intelligence of witnesses: Dingee v. Wood, 228 Pa. 250. Upon full consideration of this case on the merits, we are of opinion that, except for a slight mistake of figures, to which we shall refer hereafter, the orphans' court reached a correct and just conclusion from the evidence, and, although it was contrary to the deduction of the auditor from certain facts, should not be disturbed. The correctness of that conclusion is vindicated by the thorough and exhaustive opinion of the learned judge, and, if the case rested here, it would be unnecessary to add anything to what he has said.

But there is a question, alluded to by us on the oral argument, but not discussed in the paper-books, which we think should be noticed. The appeal is by the executor, whose account had been confirmed, from the decree of the orphans' court distributing the balance in his hands. He is not personally interested in the distribution either as legatee, heir or creditor, and it does not appear that he is

in any other way so interested as to make him "a party aggrieved," within the meaning of sec. 59 ·of the Act of March 29, 1832, P. L. 190. It is true, in Koch's Est., 4 Rawle, 268, it was held that the administrator of that estate could appeal; but this was upon the ground that the facts which had been brought upon the record by the petition of the administrator to the court below were such as to warrant the court in treating him as the representative of the parties who may have been aggrieved, they residing beyond seas. That the case was decided upon its peculiar circumstances appears in the case itself, and was pointed out by Justice Strong in Mellon's App., 32 Pa. 121, and again by Judge Porter in Fuhrman's Est., 21 Pa. Superior Ct. 27. But there are no peculiar circumstances to take the case before us out of the general rule, that an executor or administrator who comes into the court to which he must account, admitting that he has a specific balance in his hands for distribution, has no standing, as executor or administrator, to appeal from the decree of distribution, so long as the decree does not surcharge him or make distribution of an amount larger than the admitted balance due the estate: Fuhrman's Est., 21 Pa. Super. Ct. 27; Mays's Est., 25 Pa. Superior Ct. 267. As was said in Gallagher's App., 89 Pa. 29, he has "no standing which will permit him to change or delay the execution of the decree distributing the fund."

But it is conceded by appellee's counsel that by some inadvertence the sum awarded to their client was $462 instead of $447, as it should have been, and they expressly consent that this mistake be corrected by a modification of the decree. Were it not for this express concession the appeal should be quashed.

The decree is amended and modified by reducing the sum awarded to the appellee from $462 to $447, and in all other particulars is affirmed, the costs of this appeal to be paid by the appellant.