# Olds's Estate.

*Executors and administrators—Compensation—Sale of personal property—Costs of audit—Findings of fact.*

1. An intestate died leaving stock of a corporation and other personal property. The personal property other than the stock was insufficient to pay the debts. Three of the parties in interest insisted that the stock should be sold. The fourth party protested against the sale of any of the personal property publicly, and proposed a private sale where only the parties interested should be permitted to bid. This party also offered to indemnify the administrator against liability for debts to the extent of her share. The administrator refused the proposition and advertised the property for sale. The sister of the intestate who had protested filed a petition to restrain the sale, and to remove the administrator. The court enjoined the sale; refused to dismiss the administrator, and directed the liabilities of the decedent be ascertained, and the delivery to the petitioner of her share of the stock upon the payment to the administrator of her portion of the liabilities. The costs were imposed upon the estate. This decree was not entered until two years after the date when the administrator proposed to sell the stock. The personal property other than the stock was sold at a sale at which the parties in interest attended and sharply competed with each other in the bidding. The administrator subsequently filed an account and much testimony was taken before the auditor as to what had happened at the sale. No fraud or misconduct was shown to have been committed by the administrator. *Held* that there was nothing in the conduct of the administrator which called upon the court to disallow his commissions or impose upon him the whole costs of the audit.

2. When facts have been found by an auditor, and confirmed by the court below, the appellate court will not interfere, except to correct cases of clear mistake or palpable error.

Argued April 14, 1914.  Appeal, No. 104, April T., 1914, by Charlotte Olds Thomas, from decree of O. C.

Erie Co., May T., 1912, No. 31, dismissing exceptions to auditor's report in Estate of Florence E. Olds, deceased. Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ. Affirmed.

Exceptions to report of E. L. Whittelsey, Esq., auditor. The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*Louis Rosenzweig*, for appellant.

*John B. Brooks*, with him *C. H. English*, for appellee.

Opinion by Porter, J., July 15, 1914:

This case is the result of a family quarrel concerning the manner in which the estate of the deceased sister of the parties to the contention should be administered. Florence E. Olds died in October, 1909, unmarried and intestate, leaving six brothers and sisters as her next of kin. Letters of administration were duly issued upon her estate to Clark Olds, a brother of the decedent. The only personal property of the estate which possessed any considerable value was ten shares of stock in the L. W. Olds Real Estate Company, a corporation. Aside from this the personal estate of the decedent was wholly insufficient to pay her debts. Under ordinary circumstances it is the duty of an administrator to convert the personal property within a year after the grant of letters to him. If, within that period, he makes a fair public sale of the property, the proceeds thereof is the measure of his liability; but, if he delays the sale after the expiration of a year until a general decline of market values occasions a depreciation in it, the loss thus occurring must fall upon him, because resulting from his neglect of a plain duty: Merkel's Est., 131 Pa. 584. The personal property is primarily liable for the payment

of debts, and the administrator in this case did not have in his hands sufficient money to pay the debts, nor did he have sufficient personal property apart from the stock in the Olds Real Estate Company from which he could realize sufficient money to pay the debts; unless, therefore, there was something exceptional about the stock in the real estate company it was the duty of the administrator to promptly sell at least a .part of it. If the administrator had taken the chances of deciding for himself that there was something exceptional about the stock in that corporation which rendered it unwise to sell it, he would have to assume the risk of the consequences. Three of the sisters of the administrator, who were among the next of kin of the deceased and entitled to participate in the distribution of her estate, insisted that the stock should be sold. This appellant insisted that the estate should be settled in the manner which she alone dictated. She addressed a letter to the administrator, dated December 24, 1909, in which she stated that as the administrator had informed her that morning that he proposed to sell the personal property of the decedent at public sale, "I hereby enter my protest against your selling any part of her personal property." The letter then proceeded to inform the administrator as to the manner in which this appellant insisted that the personal property of the decedent should be disposed of: "I would suggest that three disinterested persons be selected to make equal portions or divisions of her personal ·property as near as said property may proportionately be divided, after the same is done an allotment be made to each one of the parties entitled to a share therein, by means of a ballot or placing cards in envelopes numbered from one to six consecutively, the envelopes to be sealed and each one of the parties entitled to participate in the property of my sister to draw one of the envelopes; the different portions of the property as to the value agreed upon by the disinterested parties to be numbered from one to

six consecutively, and the party drawing the envelope to take the portion numbered in the division." The letter suggested as an alternative device that, after the division is made into lots, the six parties entitled to participate bid upon the several lots, or that the administrator or an auctioneer act as salesman, "and let each of the parties interested bid upon each article that said party desires to bid upon and the party bidding the highest for said article to take the same, meaning by this method of sale that the six parties interested are to be the bidders in person or by attorney." In her suggestion as to the manner in which the administrator should be protected in thus carrying out a sale from which all bidders except the next of kin were excluded, she made this proposition: "In order to protect you against creditors, I will obligate myself by such security as you may demand, to pay to you as administrator any such property as may be allotted to me or that I may purchase, in case there should be a deficiency of assets, or any of the articles that may be allotted to me or sold to me, or acquired by me under any of the above manners of distribution of my sister's personal property I will pay the same in cash." This was a proposition that the administrator should part with the possession of the personal property in a manner not authorized by law. The amount which the appellant proposed to pay for the property allotted to her, in case of a deficiency of assets, was to be determined not by a public sale in the manner authorized by law, but by a private sale from which all but the next of kin were excluded as bidders. The acceptance of this proposition would have exposed the administrator to a peril which he was not by law required to assume. The administrator advertised all the personal property to be sold at public sale. The appellant, although she knew that the sale had been advertised, waited until almost the hour of sale and then presented a petition to the orphans' court praying that the administrator be restrained from sell-

ing the ten shares of stock in the Olds Real Estate Company. It is unnecessary to recite at length the proceedings which were had upon this petition. The appellant subsequently amended her petition and added a prayer that Clark Olds, administrator of the estate of said Florence E. Olds, deceased, be removed from the trust, and some suitable, disinterested person be appointed to fill the place. After a hearing the court entered a decree enjoining the administrator from selling or disposing of any part of said ten shares of stock until the amount of the liabilities of said Florence E. Olds estate had been determined by the settlement of an administration account, or by reference to an auditor, and that the plaintiff's one-sixth of said ten shares of stock be assigned to her in kind by the administrator, upon payment by her, within thirty days after such determination, of her proportion of such liabilities, and that the same privilege be accorded the other heirs of said Florence E. Olds, deceased, and that should it be found necessary to sell said stock, or any part thereof, the same be done by leave of court. The court decreed that the costs of that case be paid by the administrator out of the funds of said estate in his hands. The court declined to decree that the administrator be removed from office, saying: "In our opinion there is nothing to be done in the Florence E. Olds estate that would justify the appointment of another administrator." After this matter had been thus disposed of the administrator sold the other personal property belonging to the estate and filed an account as administrator, to which this appellant filed exceptions, and being dissatisfied with the disposal of those exceptions by the auditor and the court below, took this appeal. The appellant contends that because of the action of the administrator in insisting upon selling the stock, after the appellant had notified him not to do so, that he should not be allowed any commissions or compensation in his present account as administrator, for the alleged reason that he was

acting adversely to the interests of this appellant, and, further, that he should be required to pay the costs of the audit in the court below.

When the court below disposed of the petition of this appellant praying that the administrator be removed from his office and decreed that he should continue to serve as administrator of the estate, that was a determination that the appellee had not been guilty of such fraud or bad faith as to require his removal from office. The court having thus determined that the administrator should continue to serve, it was incumbent upon the appellant, when it came to the audit of the account of the administrator, to present a clear case of fraud and bad faith, in order to deprive the administrator of compensation for the services which the court thus decreed that he should perform. The findings of the auditor were against the contention of this appellant, and those findings were approved by the court below. When facts have been found by an auditor or master and his report has been confirmed by the court below, the rule is well established that an appellate court will not interfere except to correct cases of clear mistake or palpable error: Whiteside v. Whiteside, 35 Pa. Super. Ct. 481; Cunningham's Est., No. 1, 212 Pa. 441; Dingee v. Wood, 228 Pa. 250. "When the auditing judge in the orphans' court finds as a fact upon sufficient evidence that the compensation claimed by executors is just and reasonable, and his findings are confirmed by the court below, the appellate court will not reverse in the absence of manifest error:" Moore's Est., 211 Pa. 338. After careful consideration of the evidence in this case we are unable to say that the conclusion of the auditor, confirmed by the court below, was manifestly erroneous. Let it be conceded that the orphans' court properly entered the decree restraining the sale of the stock in the real estate company, and directing that that stock should, after the amount of the indebtedness of the estate had been ascertained, and those entitled to dis-

tribution of the estate had paid their respective shares of that indebtedness, be divided among and assigned to the next of kin of the decedent; the orphans' court might have been perfectly safe in assuming that responsibility and the decree of the court would protect the administrator. If the administrator had pursued the same course without having first obtained such a decree of the court, he would have done so at his own peril, and the appellant had no right to require him to take that risk. Moreover, that decree was not entered until two years after the date when the administrator proposed to sell the stock, and the affairs of the real estate company may. have been in an entirely different position. This may have been the reason which led the court making that decree to direct that the costs should be paid out of the estate and not by the administrator personally. The court refused to remove the administrator and that was by necessary implication a finding that he had not been guilty of fraud or bad faith. We would not, therefore, be warranted in holding that the action of the court below in awarding compensation to the administrator was erroneous.

The contention of the appellant that the administrator should have been required to pay the costs of the audit is not well founded. The principal part of the testimony produced by this appellant before the auditor, upon the hearing of her exceptions, was as to what occurred at the second sale of the personal effects of Florence E. Olds, which sale was made in compliance with the order of the court, and at which sale the administrator procured for the estate of Florence E. Olds, from the goods sold, a sum greatly in excess of the appraised value, mainly because of the sharp competition between the sisters of Florence E. Olds, deceased, all of whom were desirous of procuring as many of the personal effects of their deceased sister as possible, and because of which competition the appellant in this case bid in a great majority of the articles at a price, which after

the sale she seems to have realized was perhaps more than she should have paid, and because of such fact, she became greatly dissatisfied, and refused to make payment for a portion of them. The administrator had charged himself in his account with the full amount of the price at which the goods had been sold, and those items go to help make up the balance of the account against him. The sale appears to have been in all respects regular, and if he fails to collect from some of the parties whose zeal caused them to bid more than the value of what they were getting, that is a matter of which this appellant has no ground for complaint. Had it not been for the evidence as to what transpired at that sale, there would have been very little for the auditor to hear, and the expenses of the audit would have been very slight. The decree of the court below did not place any of the costs upon this appellant personally, and it would have been unjust to the accountant to impose upon him the entire cost of the audit. All the specifications of error are dismissed.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.