## Kyler's Estate, Appeal of Seigel Ashman, Executor of Ralph Kyler, Deceased.

*Orphans' court—Executors—Judgments against executor in common pleas—Direction to executor to petition to open judgment—Right of appeal.*

No appeal will lie from an order of the orphans' court directed to an executor  to file a petition in the court of common pleas for a rule to a plaintiff to show cause why a judgment entered against the executor should not be opened, and the defendant let into a defense.

It is not error for the orphans' court to direct an executor to petition the court of common pleas to open a judgment against his decedent and, in such case, the executor is in no sense aggrieved by the order, and his appeal will be quashed.

Argued October 26, 1920.    Appeal, No. 69, Oct. T., 1920, by executor, from decree of O. C. Huntingdon County, No. 173, 1920, awarding a citation on Seigel Ashman, executor, in re Estate of Ralph Kyler, deceased.    Before ORLADY, P. J., PORTER, HENDERSON,

422, (1921).] Statement of Facts—Opinion of the Court.

HEAD, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Citation on Seigel Ashman, executor, to present petition to open judgment No. 34, December Term, 1917, in the Court of Common Pleas of Huntingdon County. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court issued a decree ordering Seigel Ashman, executor of Ralph Kyler, deceased, to present his petition to the Court of Common Pleas of Huntingdon County to open judgment No. 34, December Term, 1917. The executor appealed.

*Error assigned,* among others, was the decree of the court.

*L. H. Beers,* for appellant.

*W. Wallace Chisolm* and *Charles P. Lang,* for appellee.

OPINION BY LINN, J., March 5, 1921:

In the Quarter Sessions of Huntingdon County Ralph Kyler pleaded guilty to a charge of fornication and bastardy in 1883 and was sentenced to pay a fine, costs of prosecution, lying-in expenses and a sum weekly, the order resulting in a possible total liability of $394. The prosecutrix died in 1890. Kyler died in 1916, testate, and letters testamentary were granted to Ashman, the appellant. In 1917 appellant's attorney suggested Kyler's death on the record of his prosecution and substituted his executor Ashman.

On the same day appellant's attorney caused the order and sentence of the quarter sessions in that prosecution to be entered in the Common Pleas of Huntingdon County and then filed in that court an amicable scire facias

signed by the executor, confessing judgment in favor of the administrator of the deceased prosecutrix and against the executor of Kyler for $1,223.80,—all said to be authorized by the Act of May 8, 1901, P. L. 143,—proceedings as to the effect of which we now express no opinion. The account of the executor was filed and referred to an auditor, and the learned judge considering the matter below said, "If this judgment is appropriated to, upon the audit of the estate, as a valid obligation of Ralph D. Kyler, together with the other debts of the estate, there will remain nothing for the legatee, The Odd Fellows' Home for Aged and Infirm of Pennsylvania, the petitioner here."

That beneficiary presented its petition to the orphans' court to which Ashman, Kyler's executor was answerable, setting forth the facts just stated and others, and asked that the executor be cited to show cause why he should not present his petition to the common pleas for a rule on the administrator of the prosecutrix to open the judgment, etc. The appellant executor filed an answer and after hearing the orphans' court made an order that the executor file such petition in the common pleas setting forth the essential facts stated in the petition on which the citation had been granted by the orphans' court and praying that the plaintiff show cause why the judgment should not be opened and the defendant let into a defense.

The executor has appealed from that order. We can think of no possible ground to sustain his appeal; he is in no sense aggrieved by the order: Mays's Est., 25 Pa. Superior Ct. 267; Fuhrman's Est., 21 Pa. Superior Ct. 27; Wick's Est., 50 Pa. Superior Ct. 614. We need therefore not now discuss the various questions that may or may not arise later, some of which are considered in Commonwealth v. Moran, 58 Pa. Superior Ct. 362, and 251 Pa. 477; in the Beck cases, 72 Pa. Superior Ct. 537, 544, and in Claghorn's Est., Keller's App., 181 Pa. 600, 606, et seq. The appeal is quashed.