# Hand's Estate.

*Appeals—Status of appellant—Party aggrieved—Executors and administrators—Decree of distribution—Decedents' estates.*

1. An executor, who admits that he has a specific balance in his hands for distribution, has no standing, as executor, to appeal from the decree of distribution.

2. So long as the decree does not surcharge him or make distribution of an amount larger than the admitted balance due the estate, he is not "a party aggrieved" within the meaning of the appellate acts.

Argued January 25, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 70, Jan. T., 1927, by Lackawanna Trust Co., executor and trustee, from decree of O. C. Lackawanna Co., No. 391, year 1923, sustaining exceptions to adjudication, in estate of David B. Hand, deceased. Affirmed.

Exceptions to adjudication. Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

Exceptions sustained. Lackawanna Trust Co., executor and trustee, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*David J. Davis* and *Edgar A. Jones,* for appellant.

*Will Leach,* with him *John P. Kelly,* for appellee.

PER CURIAM, March 14, 1927:

Exceptions were filed in the court below to an adjudication of what the present appellant termed its "second partial account" as "executor" under the will of David Bishop Hand, deceased. Certain of these exceptions were sustained and a change made in the ad-

judication, which change had the effect of taking funds from one set of distributees and conferring them upon another. Whereupon the accountant, as "executor," took an exception to the confirmation of the account and distribution ordered by the court below, which exception was dismissed. This appeal ensued.

After studying the record and arguments of counsel, we are not convinced of error, but, even were the fact otherwise, no relief could be granted here, since appellant lacks standing to attack the adjudication. We early ruled, in Sharp's Appeal, 3 Grant 260, that the personal representatives of a decedent's estate usually have "no interest in a question of distribution and...... no right to appeal [from] anything decided in that part of the process. In it the creditors and distributees are alone interested." See also Mellon's App., 32 Pa. 121, 130; Stineman's App., 34 Pa. 394, 395; Craig's App., 38 Pa. 330; Gallagher's App., 89 Pa. 29; Behringer's Estate, 265 Pa. 111, 112; Correll, Receiver's Account, 283 Pa. 277, 281; Fuhrman's Est., 21 Pa. Superior Ct. 27, 29; Mays's Estate, 25 Pa. Superior Ct. 267, 268. The governing rule is well stated in the syllabus to Wick's Est., 50 Pa. Superior Ct. 614, thus: "An executor who comes into the court to which he must account, admitting that he has a specific balance in his hands for distribution, has no standing, as executor, to appeal from the decree of distribution; so long as the decree does not surcharge him or make distribution of an amount larger than the admitted balance due the estate, he is not 'a party aggrieved' within the meaning of [the appellate acts]."

The appeal is dismissed, costs to be paid out of the estate.