## Kennedy's Estate.

Argued October 8, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. F. Stambaugh,* with him *Ralph H. Demmler* and *Watson & Freeman,* for appellants.

*Ella Graubart* and *Patterson, Crawford, Arensberg & Dunn,* for appellees, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, November 12, 1937:

We are here to decide whether the two executrices of the Estate of Julian Kennedy are entitled to an allowance out of the assets of the estate for the amount paid by them for counsel fees in successfully resisting large claims amounting to $185,874.83 made against the estate by the two sons of the decedent, who were executors. The litigation involving the claims was determined by us adversely to them in affirming the Orphans' Court of Allegheny County in *Kennedy's Estate*, 321 Pa. 225, 183 A. 798.

The counter-statement of "Questions Involved" in appellees' brief correctly and succinctly summarizes the controversy. It reads: "Where the two daughters and the two sons of a decedent are executors of his estate, and the sons make individual claims against the estate for large amounts, which are disallowed by the orphans' court, have not the daughters as executrices the right to employ counsel to resist the claims in appeals to this Court, and are not their counsel entitled to payment from the estate for their services, particularly where the assets in the hands of the executors were then insufficient to pay all of the pending claims against the estate, if allowed in full, and also the sons' claims?" Our answer must be in the affirmative.

The sons, appealing from the decree below which allowed a fee of $10,000, argue that the allowance should not be made, because the benefit from the defeat of their claims inured to their sisters individually, and not to the estate, as they and their sisters were the only persons interested in it, and the rejection of the claims increased the sisters' ultimate shares in distribution.

We think this position untenable. The sisters in their representative character as executrices were entitled to employ counsel to represent them and to charge the estate with the cost thereof: *Ammon's Appeal*, 31 Pa. 311; *Groff's Est.*, 215 Pa. 586, 64 A. 783.

While an executor has no standing to take an appeal unless he is surcharged or ordered to make distribution of an amount in excess of the amount admitted to be due the estate, because the statute (Act of June 7, 1917, P. L. 363, Sec. 22[a], 20 PS Sec. 2601) gives the right of appeal only to such parties as are "aggrieved by the definitive sentence or decree of any orphans' court": *Sharp's Appeal,* 3 Grant 260; *Hand's Est.,* 288 Pa. 569, 136 A. 864; *Reese's Est.,* 317 Pa. 473, 177 A. 792, if a disappointed claimant against the estate takes an appeal, it is the duty of executors to defend the appeal and preserve the assets of the estate which the court of first instance has held are not liable for the claim: *Ammon's Appeal,* supra; *Groff's Est.,* supra; Restatement, Trusts, Sec. 178; 24 C. J. 102, Sec. 539. We are of opinion that the allowance of the fee by the court below was proper. While it is argued before us that the amount fixed is excessive, no testimony was produced to establish this fact and the amount was approved by the court below, whose judgment we accept: *Rambo's Est.,* 327 Pa. 258, 193 A. 1.

Decree affirmed at appellants' cost.