## Singmaster's Appeal. Black's Assigned Estate.

86 169
146 416

86 169
21 SC ² 29

1. The Supreme Court will not review the finding of facts by an auditor, where the evidence, upon which his conclusions were founded, is not brought up in the record.

2. An assignee, for the benefit of creditors, has no standing to appeal from a decree made upon his account, so as to interfere between creditors. If he is also a creditor and desires to appeal, it should be done in that capacity.

January 25th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Philadelphia county*: Of July Term 1875, No. 5.

Appeal of P. M. Singmaster, assignee of the estate of H. W. Black, from the decree of the court, confirming the report of the auditor to whom was referred the account of said assignee.

Black failed in 1873, and assigned his estate to Singmaster for the benefit of creditors. The assignee's account was referred to an auditor in 1874. The paper-book of the appellant contained in substance the following statement :—

William Buchanan claimed before the auditor as against the creditors under this assigned estate of Black, upon a promissory note for $300, with arrears of interest, drawn by John Bailey and Elizabeth Robinson, dated August 26th 1863, at six months, payable to said William Buchanan. One of the co-makers of the note, Elizabeth Robinson, had died, and Black was her executor. On the back of the note was an endorsement of a credit of interest up to April 11th 1870, more than a year after the outlawry of the note, apparently in the handwriting of Buchanan, without date, and not specifying whether the alleged payment of interest was by Bailey or by Robinson. It did not appear whether there was· or was not any adjudication of the estate of Elizabeth Robinson, but the auditor of this private estate of Black, thus assigned for the benefit of creditors, reported on January 11th 1875, inter alia, as follows :—

"William Buchanan claimed upon the promissory note of John Bailey and Elizabeth Robinson, dated Cambridge, August 26th 1863, for $300, payable six months after date, to the order of William Buchanan, and endorsed by him.

"Objection was made to this claim, and it was argued that the Statute of Limitations barred it, but your auditor is of the opinion that since interest was paid on the note to April 11th 1870, it

was kept alive by the payment of said interest, and it should be allowed.

"H. W. Black was the executor of the estate of Elizabeth Robinson, deceased, and as such he became responsible for the amount of the note to William Buchanan."

The further statement was made that Singmaster was also a creditor of Black to a large amount, and that his assets had realized about twenty-five per cent. of his liabilities. None of the evidence produced before the auditor was furnished in the paper-book, and the above extract was all that was given of his report.

The court dismissed the exceptions filed by Singmaster to this report, and confirmed the same when he took this appeal.

*Edward Brady*, for appellant.

No paper-book nor argument for appellee.

Mr. Justice PAXSON delivered the opinion of the court, March 11th 1878.

It may be that the auditor and the court below erred in allowing the claim of William Buchanan, but the case is so meagerly presented that we cannot safely say so. Buchanan claimed upon the promissory note of John Bailey and Elizabeth Robinson, dated August 26th 1863, for $300, to the order of the said William Buchanan and by him endorsed. It appears that the note was objected to on the ground that it was barred by the Statute of Limitations. The auditor, however, finds the fact that interest was paid on the note "down to April 11th 1870; that it was kept alive by the payment of said interest, and it should be allowed." If the auditor was correct as to the facts his conclusion is not erroneous. We are not in a position to review his finding of the facts. No exception was filed in the court below to such finding, and the evidence is not before us.

Another ground of objection was that the claim against H. W. Black was, as executor of the estate of Elizabeth W. Robinson, deceased, one of the makers of the note. It was urged that such a claim could not be allowed out of the assigned estate of H. W. Black. Upon this point the auditor finds: "H. W. Black was the executor of the estate of Elizabeth Robinson, deceased, and, as such, became responsible for the note to William Buchanan." This meager statement is all we have upon the subject. How Black, as executor, became individually responsible for the note of his testator we are not informed. As, however, there are various ways by which he might have made himself so responsible we must assume that the auditor based his finding upon sufficient evidence. His finding upon this point was not excepted to in the court below. In the absence of the evidence we must presume the auditor and the

court were right.    It is not sufficient for the appellant to allege error in the decree.    He must show it.    This has not been done.

This appeal was taken by the accountant as assignee of H. W. Black.    As such assignee he had no right to appeal.    He has no standing to interfere between creditors.    It is true the record shows that he was also a creditor, but he does not appeal in that capacity. We dismiss the appeal, however, upon other grounds.

> The decree is affirmed and the appeal dismissed at the cost of the appellant.