## Herbst's and Buehler's Appeal.

1. Upon a sale of real estate by an assignee for the benefit of creditors, under the provisions of the Act of February 17th 1876, a judgment, which at the time of the sale and confirmation, was a lien and entitled to be paid out of the proceeds, is not deprived of the right thereto by reason of the expiration of five years from its entry, before payment of the purchase-money and delivery of the deed.

2. The judgment-liens are discharged by the confirmation of the sale and the rights of owners of judgments attach at that time.

3. Carver's Appeal, 8 Norris 276, and Tomlinson's Appeal, *ante*, p. 224, followed.

May 21st 1879.     Before Sharswood, C. J., Mercur, Gordon, Trunkey and Sterrett, JJ.     Paxson and Woodward, JJ., absent.

Appeal from the Court of Common Pleas of *Adams county*: Of May Term 1879, No. 80.

Appeal of Samuel Herbst, assignee of William C. Stallsmith, and C. H. Buehler, a judgment-creditor of said Stallsmith, from the decree of the court made upon the petition of Mary Campbell, a judgment-creditor of said Stallsmith, to have her judgment paid in full out of the proceeds of the sale of lands in the hands of the assignee in trust for creditors.

The judgment of Mary Campbell against Stallsmith was entered in the Court of Common Pleas of Adams county, on December 6th 1872. On July 13th 1877, Stallsmith made an assignment to Herbst for the benefit of creditors. The assignee applied to the court for an order to sell the real estate discharged of liens under the provisions of the Act of February 17th 1876. The order was granted and the sale made, and on the 15th of October 1877, the assignee made return, when the sale was confirmed, the first instalment of the purchase-money to be paid on the 1st of April 1878. When the sale was made and confirmed, the judgment of Mary Campbell was a lien, but the five years expired on December 6th 1877. On the receipt of the purchase-money, on April 1st 1878, the assignee refused to pay her judgment, on the ground that her lien had expired before the conversion of the property, and was not, therefore, payable out of the fund. She then petitioned the court for a rule on the assignee and the judgment-creditors to show cause why her judgment should not be paid in full out of the proceeds of the real estate. The rule was granted, and after an answer filed and a hearing, the court made it absolute. Herbst, the assignee, and Buehler, a judgment-creditor, took this appeal, and assigned this action of the court for error.

*R. G. McCreary*, for appellant.—Mary Campbell's right as against the trustee grows out of the receipt by him of money to

which she was entitled by virtue of her lien; but this can be asserted only of a lien existing and valid at the date of the actual conversion of the estate and receipt of the money. Her lien expired December 6th 1877, and the conversion was not effected by conveyance and payment until April 1st 1878. Consequently, she had no claim upon the fund except as a general creditor.

The confirmation required by the act is the official declaration that the proceedings of the assignee have been regular and proper; but it is the sale, and not the confirmation that discharges the liens. And the contract of sale, although confirmed by the court, does not work a conversion of the estate until it is perfected by payment of purchase-money and delivery of the deeds of conveyance: Jacobs's Appeal, 11 Harris 477; Biggert's Estate, 8 Id. 17.

The equitable or constructive conversion of land, by contract of sale, has never been held to affect liens on it. The contrary has been decided: Leiper's Executors v. Irvine, 2 Casey 55.

In judicial sales in the Orphans' Court, as for payment of debts where sales are made on time, there is no conversion of the estate, and the title does not pass until payment and delivery of the deed: Leshey v. Gardner, 3 W. & S. 319; Hise v. Geiger, 7 Id. 273; Erb v. Erb, 9 Id. 147; Marys v. Anderson, 12 Harris 272; Biggert's Estate, 8 Id. 17.

*W. A. Duncan*, for appellee.—The Act of February 17th 1876, relating to sales of real estate both in plain letter and intent, divests the liens of judgments upon the confirmation of the sale by the court. It was never intended by the legislature that the lien should remain undivested until the purchase-money was paid and deed delivered. The assignee becomes an officer of the court when he applies to the court for a sale of real estate under that act and executes the court's decree. The delivery of the deed relates back to the time of the confirmation of the sale, just as the acknowledgment of a sheriff's deed has relation back to day of sale: Hahn v. Smith, 1 P. & W. 484; Hoyt v. Koons, 7 Harris 277.

This is in the nature of a judicial sale, and analogous to that of a sheriff, converting the real estate instantly, and at same time divesting the lien: Reed v. Reed, 1 W. & S. 239; Clarke v. Stanley, 10 Barr 472; Small's Appeal, 12 Harris 398; Barnes's Appeal, 10 Wright 356; Douglass's Appeal, 12 Id. 223; Girard Life Ins. Co. v. Bank, 7 P. F. Smith 394. The courts favor conversion of realty at the first practical moment: Allison's Executors v. Wilson's Executors, 13 S. & R. 330.

In agreements between vendor and vendee there is an equitable conversion at time of contract: Siter, James & Co.'s Appeal, 2 Casey 178; Large's Appeal, 4 P. F. Smith 383.

Mr. Justice MERCUR delivered the opinion of the court, June 2d 1879.

[Herbst's and Buehler's Appeal.]

This fund in contention was produced by a sale under the Act of 17th February 1876. It authorizes the Court of Common Pleas to order an assignee in trust for the benefit of creditors, to make sale of the assigned real estate, which is encumbered by liens. The assignment of error presents the single question whether a judgment which, at the time of sale and of confirmation, is a lien and would then be entitled to be paid out of the proceeds, is deprived of all right thereto by reason of the expiration of five years from its entry, before payment of the purchase-money and delivery of the deed. That it is not, is expressly ruled in Tomlinson's Appeal, *ante*, p. 224. The language and object of this Act of 17th February, are there carefully considered. It is shown that such a construction would be contrary to the manifest purpose and spirit of the act. As it expressly declares the judgment-liens are discharged by the confirmation of the sale, the rights of the owners of the judgments then attach to the fund. The confirmation is an act separate and distinct from a payment of the purchase-money : Carver's Appeal, 8 Norris 296. A right vested at the time of confirmation is not divested by a postponement of the payment of the purchase-money. It is unnecessary to repeat the reasons given in Tomlinson's Appeal. They fully sustain the learned judge in holding that the right of the appellee was not forfeited after the confirmation of the sale. Herbst, as assignee, has no such interest in this distribution between creditors, as to give him a right of appeal, and his appeal is quashed as to the other appellant.

Decree affirmed, and appeal dismissed at the cost of the appellant.