146      415
21 SC     29
146    415
d40SC 271

## ASSIGNED EST. OF GRAFF, BENNETT & CO.

APPEAL BY J. H. BAILEY, ASSIGNEE, FROM THE COURT OF COM-
MON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 28, 1891—Decided January 4, 1892.

An assignee for the benefit of creditors has no beneficial interest in a fund
reported for distribution by his account filed, and no standing, either in
his own right as assignee, or on behalf of the general creditors, to ap-
peal from a decree distributing such fund: Mellon's App., 32 Pa. 121;
Singmaster's App., 86 Pa. 169; Herbst's App., 90 Pa. 353.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.
No. 112 October Term 1891, Sup. Ct.; court below, No. 267
April Term 1888, C. P. No. 2.

On October 1, 1888, John H. Bailey, assignee of Graff, Ben-
nett & Co., for the benefit of creditors, filed an account show-
ing for distribution the proceeds of certain real estate sold un-
der an order of the court discharged of liens. The account
having been confirmed, Mr. John G. MacConnell was appointed
auditor "to distribute the balance in the hands of the assignee
as per his account, and report a schedule of distribution."

On November 19, 1889, the auditor filed a report, to which
exceptions were filed by certain claimants under mechanics'
liens against the several parcels of real estate sold. Said ex-
ceptions having been argued before the court in banc, the court,
EWING, P. J., on March 7, 1891, filed an opinion sustaining
certain of the exceptions filed, dismissing the others, and
decreeing a distribution according to a schedule appended.
Thereupon, the assignee took this appeal, assigning said decree
for error.

On the argument of the case in the Supreme Court, counsel
for appellees filed a motion to quash the appeal taken, for the
reason, to wit: "The decree appealed from is one of distribu-
tion of a fund in the hands of the said Bailey, as assignee for
the benefit of creditors of Graff, Bennett & Co., and he has,

as assignee or otherwise, no interest in the decree, or standing to appeal therefrom.

*Mr. W. B. Rodgers*, for the appellant.

Citing Herbst's App., 90 Pa. 353; Singmaster's App., 86 Pa. 171, counsel proceeded: But a distinction may be made between those cases and this. In this case, the account filed was merely of the proceeds of the sale of the three pieces of real estate, ordered to be sold under the act of 1876; and the duty of the auditor was merely to ascertain the liens against those particular properties which would be divested by the sale. The general creditors were not before the auditor. The contest was not one between creditors. The balance of the fund, after paying the liens discharged by the sale, was awarded to the assignee. The court took the fund away from the assignee. The creditors could not appeal from that order, therefore the assignee had the right to do so.

*Mr. John C. McCombs* (with him *Mr. John G. Bryant*), for the appellees.

Counsel cited: Mellon's App., 32 Pa. 121; Singmaster's App., 86 Pa. 169; Herbst's App., 90 Pa. 353.

PER CURIAM:

This was an appeal by an assignee for creditors from a decree of the court below making distribution of the fund in his hands. He has no beneficial interest in the distribution, and has no standing to appeal: Mellon's App., 32 Pa. 121; Singmaster's App., 86 Pa. 169; Herbst's App., 90 Pa. 353. The assignee here, however, claims that he has the right to appeal on behalf of the general creditors. We are unable to see the force of this. If the general creditors have any claim upon this particular fund, they have the right to an appeal; if they have no such interest, they have no right of appeal, nor has the assignee the right to appeal for them.

Appeal quashed.