# Ahl's Assigned Estate.

*Distribution of assigned estate—Assignee no standing to appeal.*

An assignee for the benefit of creditors has no beneficial interest in the funds reported for distribution, and no standing as assignee to appeal from the decree distributing the funds.

Argued Oct. 2, 1900. Appeals, Nos. 1, 2, 11, 12, March T., 1901, by W. A. Coffey, assignee of P. A. Ahl, from decree of C. P. Cumberland Co., distributing balance in the hands of said assignee. Before RICE, P. J., BEAVER, ORLADY, W.

W. PORTER and W. D. PORTER, JJ.  Appeals quashed.  Opinion by W. D. PORTER, J.

Exceptions to auditor's report in distribution of an assigned estate.  Before BAILEY, P. J., of the 20th judicial district, specially presiding.

It appears from the record that the account of W. A. Coffey, assignee of Peter A. Ahl, having been duly filed, the auditor reported for distribution to which no exceptions were filed either by creditors or the assignee; whereupon exceptions were filed to the action of the auditor by the accountant, which exceptions were dismissed by the court below and the report of the auditor confirmed.   W. A. Coffey, assignee, appealed.

*Error assigned* among others was in confirming the report of the auditor.

*W. F. Sadler*, for appellant, directed his argument to the merits of the order of distribution.

*J. W. Wetzel*, for appellee.

OPINION BY W. D. PORTER, J., October 22, 1900 :

We have here four appeals which raise but one question, were argued at the same time and may properly be disposed of by one order.   The exceptions filed in the court below and the specifications of error relied upon here do not raise any question as to the balance in the hands of the accountant, but the appellant contends that the court below fell into error in its decree distributing the trust funds.   He attempts to establish that the fund admitted to be in his hands for distribution ought to go to parties other than those to whom it was by the court below awarded.   The assignee, having brought his account and the trust funds into the court of common pleas for distribution, it can make no difference to him what distribution the court may decree.   Any creditor, or either of the assignors, might appeal, but the assignee for the benefit of creditors has no beneficial interest in the funds reported for distribution, by the account filed, and no standing, as assignee, to appeal from the decree distributing such fund.   These appeals are all taken by the appellant in his character of assignee and

in no other capacity. In Mellon's Appeal, 32 Pa. 121, it was said: "Hereafter, an assignee, appellant, must show affirmatively that he is, in his own person, a party aggrieved, to entitle him to appeal from the decree of distribution of the fund in his hands." The same question has been repeatedly ruled to the same effect in subsequent cases: Singmaster's Appeal, 86 Pa. 169; Herbst's Appeal, 90 Pa. 353; Estate of Graff, Bennett & Company, 146 Pa. 415.

There is no appellant complaining who has a right to be heard.

The appeals of W. A. Coffey, assignee, at Nos. 1, 2, 11 and 12, March term, 1901, are quashed.