# Cameron, Appellant *v.* City Bank of York.

*Banks and banking—Insolvency—Schedule of distribution—Dismissal of exceptions — Appeals — Parties—Secretary of banking—Act of July 7, 1919, P. L. 731.*

1. Where the secretary of banking has filed an account with a schedule of distribution of the assets of an insolvent bank, and exceptions to the schedule by various creditors are dismissed, and a

final decree is entered, the secretary of banking has no standing to appeal, inasmuch as he represents one class of disputing creditors no more than he does the other.

2. The Act of July 7, 1919, P. L. 731, has no application to such decrees.

3. As the representative of all the distributees, he may defend a claim against the estate, and appeal from a judgment or decree allowing it, and that is all he can do.

Argued May 25, 1925. Appeal, No. 50, Jan. T., 1926, by plaintiff, from decree of C. P. York Co., Aug. T., 1923, No. 51, dismissing exceptions to schedule of distribution in case of Peter G. Cameron, Commissioner now Secretary of Banking, v. City Bank of York. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Appeal quashed.

Exceptions to schedule of distribution.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Plaintiff appealed.

*Error assigned* was final decree.

*Robert S. Spangler, Barnard J. Myers* and *Geo. W. Woodruff,* Attorney General, for appellant.

*Henry C. Niles,* for appellee.

Per Curiam, June 27, 1925:
The Commissioner of Banking, now Secretary of Banking, assumed possession of the State Bank of York, Pa., because of its insolvency, and proceeded, under the law, to administer its affairs. He filed an account with a schedule of distribution, which was excepted to by various creditors, and, upon disposition of these exceptions, distribution was ordered, to which order the Secretary of Banking, alone, took exception, and, from the final decree confirming it, he alone has appealed.

Neither appellant nor the Commonwealth has any legal interest in the decree of distribution from which this appeal is taken. The Act of July 7, 1919, P. L. 731, relied on by appellant, has no application to such decrees, for in them neither the Commonwealth nor any officer thereof is a party interested. The Secretary of Banking, as the representative of all the distributees, may defend a claim against the estate and appeal from a judgment or decree allowing it, and this is all that is decided in 3d Corpus Juris 659, cited by appellant in his brief against the present motion to quash; but where, as here, the dispute was between two classes of distributees, he no more represents the one than he does the other, and hence has no standing to appeal for the benefit of either.

The appeal is quashed.