## Danzig & Romain v. Aldine Trust Company et al.

*Evans & Wernick*, for plaintiff.

*J. K. Willing* and *J. W. McWilliams*, for defendants.

SMITH, P. J., February 16, 1931.—In this case the complainants filed a bill of complaint wherein they averred that the complainants made a deposit at the Aldine Trust Company, Fortieth Street and Lancaster Avenue, on Saturday, December 27, 1930, of $1215.54, and that the Aldine Trust Company did not open for business after Saturday, December 27, 1930; that on Monday morning, December 29, 1930, at 9 o'clock A. M., a notice appeared on its door stating that the Aldine Trust Company had suspended further business and had been taken over by Peter G. Cameron, Secretary of the State Banking Department. Complainants further aver that as soon as this was brought to their attention they sent notice to the Aldine Trust Company and to the Secretary of the State Banking Department, calling attention to the deposit made by them and asked that it be returned. The complainants further aver that they are informed, believe to be true and expect to be able to prove that when the deposit was made the officers of the Aldine Trust Company knew or should have known that the Aldine Trust Company was insolvent and should not have received the deposit from the complainants.

The bill further avers that when the deposit was made one of the complainants had some information regarding the possibility of the closing of the doors of the bank and its suspension of business and brought this information to the attention of the receiving teller to whom the deposit was given and the receiving teller assured the complainant that the bank was in good financial condition. The complainants aver that the deposit was made upon the sole reliance and assurance of the receiving teller that the Aldine Trust Company was solvent and would not suspend business. Complainants further aver that they are informed that the deposit was not mixed with the other assets of the trust company but held separate and apart, and that at the time the deposit

was made the officers of the Aldine Trust Company knew or should have known that the company was insolvent and by reason thereof were in duty bound to advise the complainants of the same and not to receive the deposit. Complainants aver had they known this fact the deposit would not have been made. Complainants further aver that the deposit can be identified with reasonable effort, particularly by the Aldine Trust Company and by the Secretary of the State Banking Department; that the complainants expect to be able to prove that the action of the receiving teller of the Aldine Trust Company in receiving the deposit as of Saturday, December 27, 1930, constituted a fraud on the complainants and as a result thereof the complainants are entitled to the return of the deposit.

Complainants aver that the remedy at law is not as adequate, sufficient, complete and convenient as afforded by equity, and that unless the Aldine Trust Company and the Secretary of Banking are restrained from mixing the said deposit with the other assets of the bank, they may not be able to recover the said full deposit at law; that they are, therefore, in need of equitable relief and pray:

(a) For the issuance of an injunction, preliminarily until hearing and permanently thereafter, restraining and enjoining the said Aldine Trust Company, its agents, servants or employees, and Peter G. Cameron, Secretary of Banking, his agents, servants or employees, from using said deposit of $1215.54 made by the complainants as of Saturday, December 27, 1930, and from mixing the said deposit with the other assets of the Aldine Trust Company.

(b) That your honorable court order and decree that the title to the said deposit of $1215.54 made by the complainants was and is in the complainants and that the title thereto never passed to the Aldine Trust Company.

(c) That your honorable court order and decree that the said Aldine Trust Company and/or Peter G. Cameron, Secretary of Banking, forthwith return to the complainants the said sum of $1215.54.

(d) That your honorable court order and decree that the accepting and receipt of the said deposit from the complainants for $1215.54 under the circumstances mentioned heretofore constitute a fraud on the complainants which entitles the complainants to a return of the said money.

(e) That your honorable court grant such other and further relief as the circumstances of the case may require.

There was no answer filed to this bill in equity. To it the Secretary of Banking filed preliminary objections, setting forth his authority and appointment by the court on December 31, 1930. In the preliminary objections, the Secretary of Banking sets forth that he has a full, complete and adequate defense to the complainants' cause of action; that he interposes these preliminary objections without any purpose to hinder and/or delay; and that the complainants have a full, complete and adequate remedy at law.

Upon argument before the court in banc on January 16, 1931, it developed that the complainants deposited with the Aldine Trust Company on the evening of Friday, December 26, 1930, between the hours of 7 and 9 o'clock, the sum of $1215.54, of which amount $1168 was cash and the balance contained in five checks; that this deposit was placed in the work of the bank on Saturday, December 27, 1930, and cleared the same day; that up to this time the Aldine Trust Company was a banking institution conducting its business as a going concern; that on the morning of the following Monday, December 29, 1930, the Aldine Trust Company was taken over by Peter G. Cameron, Secretary of the Department of Banking, under the authority and provisions of the

Act of Assembly of June 15, 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762.

Disregarding the facts adduced at the time of the argument before the court, we are of the opinion that when the Secretary of Banking took legal possession of the Aldine Trust Company and its effects, the determination of the rights of depositors was for him. He is given the same rights as a receiver appointed by the courts of equity with the few exceptions mentioned in the act of assembly:

". . . and he shall be vested, in his official capacity, with all the rights, powers, and duties of such corporation or person and with all the property of such corporation or person, including debts due, liens, or securities therefor, and rights of action or redemption, whether or not the property of such corporation or person, including debts due, liens, or securities therefor, and rights of action or redemption, are held in the name of such corporation or person, or in the name of some other corporation or person, but actually the property of the corporation or person of which, or of whom, the secretary has possession.

"He shall be the representative of the creditors of the corporation or person, and entitled, as such, to have vacated and set aside, for the benefit of the creditors, any judgment, execution, attachment, sequestration, payment, pledge, assignment, transfer, conveyance, or incumbrance, which could have been avoided by the creditors or any of them, or by which it is attempted to give any creditor unlawful preference over another:" Section twenty-nine, Act of June 15, 1923, as amended by the Act of May 5, 1927, P. L. 762.

Section thirty of the Act of 1923, as amended by the Act of May 5, 1927, provides that "The court having jurisdiction shall have power to make and enforce any and all orders necessary and appropriate to enable the secretary to discharge his duties in connection with the business, property and affairs of any corporation . . . taken into possession by . . . [him] upon petition of the secretary acting personally or through his duly authorized deputy. . . ."

It becomes at once apparent from a reading of the statutes of 1923 and 1927 that these acts of assembly contain ample and comprehensive powers to safeguard the rights of a depositor under the conditions as they exist in this case.

It would be inequitable to other depositors and prejudicial to an orderly and careful investigation by the Secretary of Banking were individual depositors able to compel a preliminary adjudication of their rights without regard to the rights of all others. The moment the deposit becomes intermingled with the general funds of the bank, such depositor bears, *prima facie*, the same relationship as do other depositors to the bank. If there should arise a state of facts making clear any difference in this relationship, the Secretary of Banking in his discretion may make a preliminary determination of the question.

In the event that the Secretary of Banking in his sound discretion shall deem it necessary to have determined whether or not a banking institution accepted a deposit as a trustee *ex maleficio*, he may certify such facts to a court for a proper adjudication. In the event that he fails so to do, when the account of the Secretary of Banking is filed with the court providing for a distribution of the funds among the claimants, the petitioners here may then present their claim to this court, where they may be heard and their rights determined.

In Cameron *v.* Carnegie Trust Co., 292 Pa. 114, Mr. Justice Simpson said (pp. 117, 118):

". . . the proper procedure on questions affecting a distribution of the funds collected by the secretary, is to present a claim when his account has been filed and is before the court, at which time all the distributees can be heard, and from the decree which follows they alone have the right to appeal: Cameron *v.* City Bank of York, 284 Pa. 187. Section 40 of the Banking Act of June 15, 1923, P. L. 809, 827, relied on to sustain the course pursued here, obviously refers only to technical and continuing trusts, for it prescribes that substituted fiduciaries shall be appointed, in place of the insolvent banking institution, to take over and thereafter administer the trust. This is the only section of the act which provides for a preliminary determination regarding any claim on the funds in the hands of the secretary, and hence,—expressio unius est exclusio alterius,—excludes the idea of a right to so proceed in any other instance."

Section thirty-five of the Act of 1923 provides as follows:

"He [the Secretary of Banking] shall be liable to suit, in his representative capacity, by any person seeking to recover specific property, if such property could have been recovered as against the creditors of the corporation or person levying an execution thereon."

The petitioner advances this language as authority that a depositor may proceed independently of the Secretary of Banking, and that was done in the case of Cameron *v.* Carnegie Trust Co., *supra.* A reading of that decision shows that the only matters permitting of a preliminary determination are matters of technical and continuing trusts, and only then when such determination is sought by the claimant with the consent of the Secretary of Banking. There being no such request here, the only method of procedure provided is through the regulations of the Banking Department as is hereinbefore described.

The petitioner having a full and adequate remedy under the statutes of 1923 and 1927, there is no need, at this time, for the intervention of a court of equity.

### Decree.

And now, to wit, February 16, 1931, the exceptions to the bill are sustained and the bill in equity is dismissed.