# In re Mortgage Building & Loan Association

*Shields, Clark, Brown & McCown*, for petitioner.

*Herbert P. Sundheim* and *Sylvan H. Hirsch*, Special Deputy Attorneys General, contra.

LAMBERTON, J., April 1, 1936.—On or about December 30, 1921, petitioner became the owner of 400 shares of stock in the twenty-eighth series of the Mortgage Building and Loan Association, hereinafter referred to as the Old Association. On April 7, 1931, the Old Association merged with six other building and loan associations under the name Mortgage Building and Loan Association, hereinafter called the New Association. Petitioner did not vote for or against said merger. On November 13, 1931, petitioner began an action in assumpsit against the New Association to recover the value of said 400 shares of stock owned by it in the Old Association, and recovered a judgment in the sum of $40,044. On May 23, 1932, the

New Association appealed to the Supreme Court of Pennsylvania and filed a supersedeas bond with Union Indemnity Company as surety. On January 16, 1933, the Supreme Court of Pennsylvania affirmed the judgment. On January 6, 1933, the United States District Court for the Eastern District of Louisiana appointed receivers for the Union Indemnity Company, and on January 24, 1933, the United States District Court for the Eastern District of Pennsylvania appointed an ancillary receiver therefor. On February 17, 1933, the Secretary of Banking of the Commonwealth of Pennsylvania filed a certificate of possession in re the New Association as of the above term and number.

At the time of the filing of the appeal bond, the New Association deposited in escrow with the Tradesmens National Bank and Trust Company of Philadelphia $45,000 per value of United States Liberty Bonds, stating in an accompanying letter that said bonds were to be held by Tradesmens National Bank and Trust Company to secure the Union Indemnity Company as surety, with instructions, in case the appeal should not be sustained, to deliver to the Union Indemnity Company all or any part of said bonds in an amount sufficient to cover the judgment. Upon cancellation of the appeal bond, the bonds were to be returned to the New Association.

Subsequently, the bonds were delivered to the Secretary of Banking, were paid off at par and by leave of this court the proceeds were reinvested in other United States bonds of like par value, which are now held by the Secretary of Banking, earmarked as subject to the claim of Nice Ball Bearing Company. The Secretary of Banking has not as yet filed any account of his administration of the affairs of the New Association.

Petitioner now asks this court to direct the Secretary of Banking to transfer and deliver said $45,000 par value of United States Government bonds, held by him as aforesaid, unto petitioner, to be applied by petitioner to the payment of its judgment, interest, and costs, any excess

over and above the amount required therefor to be returned by petitioner to the Secretary of Banking.

In Cameron v. Carnegie Trust Co., 292 Pa. 114, 117, 118, Mr. Justice Simpson said:

". . . the proper procedure on questions affecting a distribution of the funds collected by the secretary, is to present a claim when his account has been filed and is before the court, at which time all the distributees can be heard, and from the decree which follows they alone have the right to appeal: Cameron v. City Bank of York, 284 Pa. 187. Section 40 of the Banking Act of June 15, 1923, P. L. 809, 827, relied on to sustain the course pursued here, obviously refers only to technical and continuing trusts, for it prescribes that substituted fiduciaries shall be appointed, in place of the insolvent banking institution, to take over and thereafter administer the trust. This is the only section of the act which provides for a preliminary determination regarding any claim on the funds in the hands of the secretary, and hence,—expressio unius est exclusio alterius,—excludes the idea of a right to so proceed in any other instance."

There is nothing in subsequent legislation to change this rule of procedure, and the instant case peculiarly illustrates its wisdom. Service of the rule was made only on the Secretary of Banking, and yet at the argument at least half a dozen lawyers entered their objections, representing claims of different sorts. It would be possible to adjudicate the rights of petitioner as against those claimants who appeared at the argument, but there may be other claimants who have a right to be heard and who might be prejudiced by an adjudication made in their absence and without their knowledge. All parties will be notified of the filing of the account, and all parties will then have an opportunity to be heard.

And now, to wit, April 1, 1936, the rule is discharged without prejudice to the rights of Nice Ball Bearing Company to present its claim at the audit of the account of the Secretary of Banking.