## In Re Incorporation of Borough of Carroll Valley

*F. Joseph Larkin,* Deputy Attorney General, for petitioner.

*Eugene R. Hartman,* contra.

MacPHAIL, P. J., June 30, 1972.—In this action to incorporate a borough under the provisions of The Borough Code, the Attorney General of the Commonwealth of Pennsylvania has filed a petition to intervene. The petitioners for incorporation object to the intervention of the Commonwealth and have filed an answer to the petition. Both the Commonwealth and the petitioners for incorporation have filed a memorandum of law for the guidance of the court. Objections and exceptions to the incorporation proceedings have been filed by numerous other persons and municipal bodies who are ably represented by at least a half dozen lawyers.

The Commonwealth bases its right to intervene on the provisions of the Act of May 28, 1915, P.L. 616, as amended, 12 PS §145, the provisions of Rule of Civil Procedure 235 and the common-law power of the Attorney General to protect the public interest. Petitioners for incorporation object to the Commonwealth's petition for intervention because: (a) the time

for filing objections and exceptions expired before the Commonwealth filed its petition to intervene; (b) there is no constitutional question involved in the incorporation proceedings, and (c) there is no clear showing that the "public interest" will be prejudiced as a result of the incorporation proceedings.

While the Act of 1915, supra, appears on its face to be a very broad authority for intervention by the Attorney General in any case and at any time, it has not been so construed by our appellate courts. Thus, in Mellon Estate, 347 Pa. 520 (1943), Justice Stearne said, at page 527, "We do not accept the contention of the Commonwealth that this statute [the Act of 1915 as amended] was designed to permit the Commonwealth to intervene at pleasure in any suit between third parties in which it claims an interest regardless of how remote, incidental or indirect such interest may be." See also Cameron v. City Bank of York, 284 Pa. 187 (1925) and York v. Public Utility Commission, 3 Comm. 270 (1971).

In the petition now before us, none of the "interests" advanced by the Commonwealth impresses us. The mere fact that a new borough may request financial assistance from the Commonwealth or that one of more than 300 petitioners for incorporation has allegedly been the subject of proceedings initiated by the Commonwealth, hardly justify the intervention by the Commonwealth in this type of proceeding.

Since virtually the same test must be used to determine the Attorney General's right to intervene under his common-law powers as that used to determine his right to intervene under the statutory provisions, we cannot accept his common-law right as a valid basis for intervention for the same reasons. Moreover, the question of the best interests of the citizens of the Commonwealth in the incorporation of a small

borough in a rural area would not only be highly conjectural but perhaps even irrelevant: Pleasant Gap Borough Incorporation, 62 Mun. L. Reg. 179 (1970). Finally, most, if not all, of the objections and exceptions which the Commonwealth desires to raise in this incorporation proceeding have already been raised by other parties in interest, and, as we have previously noted, they are all represented by counsel who, we are sure, will present all of the relevant facts and law to the court.

Pa. R. C. P. 235 does clearly mandate that the Attorney General must be heard in any proceeding where the constitutionality of a statute is raised. As noted in the commentary to this rule in Goodrich-Amram, Standard Pennsylvania Practice, 1972 Supplement, page 117, the rationale of the rule is sound. The constitutionality of any statute should not be resolved on the arguments of private litigants without the benefit of the views of the chief legal officer of the Commonwealth, if he desires to be heard. Contrary to the contentions of the petitioners for incorporation, we are of the opinion that a substantial question of constitutional law is before us in view of the provisions of article IX, sec. 8, of the Pennsylvania Constitution adopted April 23, 1968. That question is whether or not the constitutional enactment has impliedly repealed all of the provisions of The Borough Code relating to the incorporation of new boroughs. At least one of the objectors has already raised the question of the constitutionality of the provisions of The Borough Code relating to incorporation apart from the enactment of section 8 of article IX.

Clearly then, this is an instance where the Attorney General must be heard. Significantly, rule 235 provides that the Attorney General may intervene as a party or "may be heard without the necessity of interven-

tion." Since the obvious purpose of the rule is to permit the Commonwealth to intervene to argue the constitutional issue, we would have no hesitancy in granting the petition to intervene if that was the only reason advanced by the Commonwealth in its present petition. However, that petition is a petition to intervene generally. Since we know of no rule or authority to permit a "special" or "limited" intervention and since the rule provides that the Attorney General may be heard "without intervention," we will deny the petition to intervene but grant leave to the Attorney General to be heard on the constitutional issues.

## ORDER OF COURT

And now, June 30, 1972, the Commonwealth petition for intervention is denied, but leave is granted to the Attorney General to present briefs and oral argument on the constitutional issues raised by the objections and exceptions filed in the within matter as well as any other constitutional issues which the Attorney General deems relevant in the within proceeding; said argument to be heard and briefs to be filed in accordance with our previous order of court dated June 20, 1972.