397 A.2d 1230

## In the Matter of HARRISON SQUARE, INC.

### Appeal of Sanford M. LAMPL, Receiver for Harrison Square, Inc., Debtor.

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided Feb. 15, 1979.

David Abrams, Monroeville, for appellant.

Ray N. Lochner, Pittsburgh, for appellee, John W. Thrower, Inc.

Edward C. Leckey, Pittsburgh, for appellee, A. J. Demor & Sons, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

PER CURIAM:

These two appeals by a receiver appointed under the Insolvency Act of 1901 P.L. 404, 39 P.S. Sect. 1 et seq. are from the dismissal of his petition to sell certain real estate of the insolvent free and clear of liens, except the lien of a first mortgage; and from two orders denying reargument and reconsideration of that action. The petition to sell was dismissed by order dated February 28, 1978, and four days later, March 4, 1978, appeal No. 721 was taken. The petition for re-argument with exceptions to the dismissal order were filed March 9, 1978. The order refusing re-argument and dismissing the exceptions was dated March 16, 1978 and appeal 842 from these orders was taken April 14, 1978.

Clearly, by taking the appeal on March 4, 1978, the appellant removed the case from the lower court and rendered it powerless to pass on the petition for reargument and the exceptions filed March 9, 1978.

However, we are of the opinion that no right of appeal by the plaintiff-receiver existed, and both appeals will be

quashed. This will leave the case in the posture that when the record is returned to the lower court, it may permit re-argument and consider the exceptions filed by appellant if it so desires.

■ Under Pa.R.A.P. 501, unless the right of appeal is enlarged by statute, the appellant must be aggrieved by the order from which the appeal is taken, or if a fiduciary, his estate or trust must be so aggrieved. This has been interpreted to mean that the harm to his interest must be direct, immediate, substantial and pecuniary in nature. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

■ Generally, receivers and assignees for the benefit of creditors have been denied the right of appeal since neither they nor their estates, are adversely affected. *Mellon's Appeal,* 32 Pa. 121 (1858). *Ahl's Assigned Estate,* 15 Pa.Super. 224 (1900); *Herbst's Appeal,* 90 Pa. 353 (1879); *Cameron v. City Bank of York,* 284 Pa. 187, 130 A. 407 (1925); *Franklin Trust Co. of Philadelphia Case,* 319 Pa. 193, 179 A. 725 (1935).

■ Whether we consider the assets of an insolvent as being in the hands of the court or in the hands of a receiver in executive control, his authority is nevertheless subject to the court's control. *Selheimer v. Manganese Corporation of America,* 416 Pa. 274, 206 A.2d 28 (1965). Recognizing the court's control over his actions, appellant in this case petitioned to sell certain real estate subject to a first mortgage. A dispute arose among the lien holders whether it was a first mortgage. The court declined to resolve this dispute and denied permission to sell because of the dispute.

■ We perceive no direct, immediate, substantial or pecuniary interest of appellant or his estate affected by this action. Appellant may re-petition to sell under other terms and conditions which may meet with the court's approval, but we cannot conceive how he can assert his authority over the estate by the procedure of appeal and thus nullify the power of the court to approve his actions.

Both appeals are quashed.