443 A.2d 363

**ATWOOD HOME BUILDERS, INC.,**

v.

**Mamie ZANAKIS,**

**Appeal of Irene G. STRAKA.**

Superior Court of Pennsylvania.

Argued April 14, 1981.
Filed March 19, 1982.

Damon J. Faldowski, Washington, for appellant.

W. Thomas Laffey, Pittsburgh, for Atwood.

Anthony J. Seneca, Washington, for Zanakis.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

PER CURIAM:

Judge GLADDEN of the Washington County Court of Common Pleas entered an order staying, pending disposition of another case,[1] a Sheriff's sale of certain real estate. The stay was conditioned on the appellant depositing $12,500.00 with the Prothonotary of Washington County. Judge SWEET of the same court ordered that the stay be vacated and that the Prothonotary of Washington County pay over the funds deposited by Irene G. Straka to Atwood Home Builders Inc., [Atwood]. It is this order vacating the stay from which Irene G. Straka appeals.

This case is one of three cases, now consolidated before this court. It was filed in May 1978 by a home improvement company, Atwood, against a customer, Zanakis, as a Complaint in Assumpsit alleging breach of a contract to pay $14,000.00 for work done, pursuant to contract, to Ms. Zanakis' home. Subsequently, the action came before an Arbitrator, the outcome of which procedure was a consent judgment against Zanakis for $11,000.00.[2] This sum not having been paid, Atwood filed a praecipe for a default judgment in

---

1. The other case was entitled, *Irene G. Straka v. Atwood Home Builders, Inc.,* filed at No. 7604 in Equity, Book 44, Page 203, Court of Common Pleas, Washington County, on October 19, 1979. (There is confusion in the record and in the briefs before us as to whether this suit was filed at No. 7304 or at No. 7604.)

2. *See Atwood Home Builders, Inc. v. Mamie Zanakis,* No. 120 May Term 1978, A.D., slip op. July 24, 1979 (C. P. Washington County, Pa.).

the amount of $11,000.00, which was entered on November 27, 1978. Zanakis' motion to open and strike that judgment was denied.[3] Zanakis' exceptions to the order were denied.[4] Execution on the judgment was stayed by the order of Judge GLADDEN.[5]

Irene G. Straka, Appellant, [Straka] is the daughter of Zanakis. A few days after the work by Atwood was completed, Zanakis conveyed the real estate in question to Straka. Twelve days before the stay, Straka filed an action in Equity [6] against Atwood alleging that she was the legal and rightful owner of the premises, and that therefore the judgment against Zanakis could not be recovered by execution on that property.

Atwood asserts that Straka has no standing to appeal Judge SWEET's order vacating Judge GLADDEN's order granting a stay, because she was not a party to the proceedings, and had not petitioned to intervene.

Pa.R.A.P. 501 provides that an aggrieved party may appeal from an appealable order.[7] This has been interpreted to mean that the harm to his/her interest must be direct, immediate, substantial and pecuniary in nature. *See In the Matter of Harrison Square, Inc.*, 263 Pa.Super.Ct. 324, 397 A.2d 1230 (1979). The question of Straka's standing, however, arises prior to this appeal.

Pa.R.C.P. 3121(a) provides in relevant part:

**3.** *Id.*

**4.** *Atwood v. Zanakis*, No. 120 May Term 1978, A.D., per curiam order filed October 11, 1979 (C. P. Washington County, Pa.).

**5.** *Atwood v. Zanakis*, No. 120 May Term 1978, A.D., filed October 31, 1979 (C. P. Washington County, Pa.).

**6.** *Irene G. Straka v. Atwood Home Builders, Inc.*, see note 1 *supra.*

**7.** Pa.R.A.P. 501 provides:
Rule 501. *Any Aggrieved Party May Appeal*
Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

(a) Execution shall be stayed as to all or any part of the property of the defendant

.    .    .    .    .

(2) upon the entry of bond with the prothonotary, by *any person or party in interest*, with security approved by the prothonotary, in the amount of plaintiff's judgment, including probable interest and costs, or in such lesser amount as the court may direct, naming the Commonwealth of Pennsylvania as obligee, and conditioned to pay the amount due within ninety (90) days of the entry of the bond, unless the time for payment be further extended by the court[.]

(Emphasis supplied). This seems to require that it be a party in interest who files the bond to obtain a stay of execution.

From the record it is not possible for us to determine whether or not the lower court considered and decided that Straka was a party in interest.[8] By his action, however, in granting the stay for a permissible reason, namely the pending action filed by Straka, and in ordering a sufficient bond to be posted, Judge GLADDEN issued an order which is proper on its face. For purposes of this case we shall therefore treat it as such.

We are thus faced with the question of the propriety of Judge SWEET's order overturning the stay. Appellant

---

**8.** *Compare Taub v. Merriam*, 251 Pa.Super.Ct. 572, 380 A.2d 1245 (1977) where the court said:

While ITT [a junior lender] was entitled to permission to intervene because of its legal interest in the land parcels under execution, the court's refusal to permit intervention was not a denial of relief which ITT could obtain in no other way. *At the very least appellant [ITT] was still entitled to seek relief under Pa.R.C.P. 3121(b) which it did.*

*Id.*, 251 Pa.Superior Ct. at 581, 380 A.2d at 1249 (emphasis added). Pa.R.C.P. 3121(b) provides:

(b) Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing

(1) a defect in the writ, levy or service; or

(2) any other legal or equitable ground therefor.

urges in her brief that Judge SWEET overruled an interlocutory order by a colleague in the same case and that this is improper. We agree with appellant's assertion that such an action is improper. *See Sherman v. Yoder*, 59 Pa. Commw.Ct. 430, 430 A.2d 347 (1981), and cases cited therein. But in a situation such as this, where the stay is ordered pending disposition of another lawsuit, the law is quite clear that the order is not interlocutory, but final. *See Cherry v. Empire Mutual Insurance Co.*, 417 Pa. 7, 10, 208 A.2d 470, 471 (1965).

The question still remains, though, whether Judge SWEET properly vacated the stay. The stay was ordered pending disposition of another case. There is no information in the record as to the disposition of that other case. We see, therefore, no reason why the stay should have been vacated, inasmuch as Atwood was protected by the posting of the bond.

Atwood's Motion to Dismiss the Order Staying Execution contains both statements of fact and conclusions of law. Yet the motion was granted without a hearing. Without testimony as to Atwood's allegations, and without reasons from the lower court as to why the judge vacated the stay order, we have no information by which to review the matter. We therefore vacate the order of the lower court and remand the case for a hearing on the Motion to Dismiss the Order Staying Execution and for Payment of a Cash Bond.

CAVANAUGH, J., concurs in the result.

SHERTZ, J., did not participate in the consideration or review of this case.